IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL JAMES KILPATRICK, #117705, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-791-WHA |
| ) | [WO] |
| ) | |
| CORRECTIONAL MEDICAL SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this civil action, Paul James Kilpatrick ["Kilpatrick"], a state inmate, challenges the constitutionality of medical treatment provided to him at the Bibb Correctional Facility, at which he is currently incarcerated. Kilpatrick names Correctional Medical Services, Inc., a corporation located in St. Louis, Missouri, which serves as the contract medical provider for the Alabama prison system, as the defendant in this cause of action.[1]

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.

**DISCUSSION**

A civil action asserting violations of a prisoner's constitutional rights should be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State,

---

[1] The plaintiff filed this complaint on May 6, 2011, in the Circuit Court of Montgomery County, Alabama. On September 23, 2011, the defendant removed the cause of action to this court pursuant to 28 U.S.C. §§ 1441 and 1446.

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). However, the law further provides that "in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

The Bibb Correctional Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. Thus, those individuals personally involved in the provision of medical treatment to the plaintiff reside in the Northern District of Alabama. Moreover, the actions about which the plaintiff complains have occurred and are occurring at a correctional institution located within the jurisdiction of the Northern District of Alabama. The majority of witnesses and evidence associated with this case are therefore found within the Northern District of Alabama. Consequently, it appears the most appropriate venue for this cause of action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the court concludes this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404. It is further

ORDERED that on or before October 11, 2011, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate

Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 27th day of September, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE